**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman
HCHAITMAN@BPLEGAL.COM
Peter W. Smith
PSMITH@BPLEGAL.COM
45 Broadway, 8th Floor
New York, New York 10006
Telephone: (212) 599-3322
Facsimile: (212) 557-0295

*Attorneys for Vivian Polak*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DEWEY & LEBOEUF LLP,<br><br>                     Debtor. | Case No. 12-12321 (MG)<br><br>Chapter 11 |
| ALAN M. JACOBS, as Liquidating Trustee<br>of the Dewey & LeBoeuf Liquidation<br>Trust,<br>                     Plaintiff,<br>          v.<br>VIVIAN POLAK,<br>                     Defendant. | Adv. Pro. No. 14-02015 (MG) |

**MOTION OF DEFENDANT VIVIAN POLAK TO WITHDRAW**
**THE REFERENCE OF ADVERSARY PROCEEDING**
**PURSUANT TO 28 U.S.C. § 157(d) AND**
**RULE 5011 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

{N0051884 }

# <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION .......................................................................................... 1

BACKGROUND & PROCEDURAL HISTORY ................................................... 1

ARGUMENT .................................................................................................... 2

   I.   THE REFERENCE SHOULD BE WITHDRAWN ..................................... 2

      A.  This Adversary Proceeding is Not a Core Proceeding and it is
          Legal, not Equitable, in Nature ............................................................. 3

      B.  Judicial Economy at the Outset of Discovery Favors Immediate
          Withdrawal of the Reference .................................................................. 5

CONCLUSION .................................................................................................. 7

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**CASES**

*In re 1567 Broadway Ownership Assoc.*,
   1997 WL 582829 (S.D.N.Y. Sept. 19, 2007) ................................................................. 5

*In re Connie's Trading Corp.*,
   2014 WL 1813751 (S.D.N.Y. May 8, 2014) .................................................................. 4

*Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*,
   462 B.R. 457 (S.D.N.Y. 2011) ...................................................................................... 4

*Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Intern. Ltd.*,
   905 F. Supp. 2d 526 (S.D.N.Y. 2012) ....................................................................... 4, 6

*Granfinanciera S.A. v. Nordberg*,
   492 U.S. 33 (1989) ..................................................................................................... 4, 5

*Lagenkamp v. Culp*,
   498 U.S. 42 (1991) .......................................................................................................... 5

*LightSquared Inc. v. Deere & Co.*,
   2014 WL 345270 (S.D.N.Y. Jan 31, 2014) ................................................................... 6

*M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.*,
   2008 WL 2596322 (S.D.N.Y. June 26, 2008) ................................................................ 5

*McHale v. Citibank, N.A.*,
   2009 WL 2599749 (S.D.N.Y. Aug. 29, 2009) ............................................................... 5

*Nisselson v. Salim* (*In re Big Apple Volkswagon, LLC*),
   2013 WL 1245548 (S.D.N.Y. Mar. 25, 2013) ............................................................... 3

*Orion Pictures Corp. v. Showtime Networks, Inc.*,
   4 F.3d 1095 (2d Cir. 1993) .................................................................................... 2, 3, 5

*Pension Financial Services, Inc. v. O'Connell*,
   479 B.R. 254 (S.D.N.Y. 2012) .............................................................................. 3, 5

*Stendahl v. Irving Trust Co.*,
   287 U.S. 92 (1932) ......................................................................................................... 4

*Stern v. Marshall*,
   564 U.S. 2 (2011) ............................................................................................................ 1

*VWE Group, Inc. v. Amlicke*,
   359 B.R. 441 (S.D.N.Y. 2007) ...................................................................................... 5

*Weisfelner v. Blavatnik,*
    467 B.R. 712 (S.D.N.Y. 2012) ........................................................................ 3

**STATUTES & RULES**

28 U.S.C. § 157 ....................................................................................................... 1, 2, 5

28 U.S.C. § 1334(b) ..................................................................................................... 2

Bankruptcy Code Title 11 ........................................................................................... 2

Bankruptcy Rule 5011 ................................................................................................. 1

**OTHER AUTHORITIES**

Seventh Amendment .................................................................................................. 1

Article III of the United States Constitution ......................................................... 1, 3, 5

Vivian Polak, by her undersigned counsel, for her motion (the "Motion") to withdraw the reference of this adversary proceeding to the Bankruptcy Court for the Southern District of New York, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5011-1, respectfully represents as follows:

## INTRODUCTION

As set forth in Polak's accompanying Declaration, Polak terminated her employment by Dewey & LeBoeuf (the "Debtor") almost two years before the bankruptcy filing pursuant to a June 30, 2010 Separation Agreement (the "Separation Agreement") which resolved her claims against the firm for employment discrimination. She never filed a proof of claim in the bankruptcy court and, thus, never subjected herself to the bankruptcy court's jurisdiction. While post-*Stern v. Marshall*, 564 U.S. 2 (2011), bankruptcy courts have functioned as magistrates in adversary proceedings where the bankruptcy court lacks Article III jurisdiction but the defendant has submitted to the bankruptcy court's jurisdiction, in this case the bankruptcy court cannot even function as a magistrate. Polak has a Seventh Amendment right to a jury trial in an Article III court, which she has demanded in her answer. Accordingly, there is simply no basis to subject Polak to the bankruptcy court's jurisdiction and the reference should be withdrawn.

## BACKGROUND & PROCEDURAL HISTORY

Polak practiced law for many years with LeBoeuf Lamb Greene & MacRae LLP and remained with the firm after its merger with Dewey Ballantine LLP on October 1, 2007. Polak terminated her employment by the Debtor on July 23, 2010 pursuant to a June 30, 2010 Separation Agreement, as amended, in which the Debtor conceded that it

had breached Polak's rights as an employee of the Firm since 2008 and Polak released the Debtor of her employment discrimination claims.   Polak remained with the Debtor until mid-August 2010, in order to complete a transaction for the firm, but thereafter she had no association whatsoever with the Debtor as a lawyer.  *See* Polak Declaration dated July 24, 2014.

The Trustee filed the Complaint against Polak seeking to recover all payments made to her by the Debtor from January 1, 2009 through July 23, 2010 plus  certain amounts paid to Polak pursuant to the Separation Agreement.  (ECF Doc # 1, May 22, 2014 Complaint at ¶ 65, Ex. A).  The theory of the Complaint is that Polak was an equity partner of the Debtor until July 23, 2010, despite the Debtor's express admissions in the Separation Agreement that Polak was an employee with standing to sue under the employment discrimination laws.  On July 24, 2014, Polak filed her Answer in which she expressly demanded a jury trial in the district court.

## ARGUMENT

## I.    THE REFERENCE SHOULD BE WITHDRAWN

District courts have original jurisdiction over all bankruptcy matters.  28 U.S.C. § 1334(b).  While the district courts are authorized to refer cases and proceedings under Title 11 to the bankruptcy courts, 28 U.S.C. § 157(a), they may withdraw that reference as set forth in 28 U.S.C. § 157(d) "on its own motion or on timely motion of any party, for cause shown."  *Id.*  In *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993), the Second Circuit set out the factors that must be considered when determining whether withdrawal is warranted: (i) whether the proceeding is "core" or "noncore"; (ii) whether the proceeding is legal or equitable in nature; and (iii) "considerations of efficiency, prevention of forum

shopping, and uniformity in the administration of bankruptcy law."

In *Stern,* the Supreme Court held that the delegation of "core" jurisdiction to the bankruptcy court was unconstitutional. Hence, cases like this one are beyond the bankruptcy court's jurisdiction. In the aftermath of *Stern*, courts in this Circuit have continued to follow *Orion Pictures,* but have construed the core/non-core determination in the *Orion Pictures* analysis to include "whether the bankruptcy court has authority to finally adjudicate the matter." *Pension Financial Services, Inc. v. O'Connell (In re Arbco Capital Mgmt. LLP),* 479 B.R. 254, 262 (S.D.N.Y. 2012); *Weisfelner v. Blavatnik (In re Lyondell Chemical Co.),* 467 B.R. 712, 719 (S.D.N.Y. 2012). *See also, Nisselson v. Salim* (*In re Big Apple Volkswagon, LLC*), 2013 WL 1245548, *4 (S.D.N.Y. Mar. 25, 2013) (noting that "there is an emerging consensus in this District that the Bankruptcy Court may not ordinarily enter final judgment on avoidance claims.") (citations and quotation marks omitted).

### A. This Adversary Proceeding is Not a Core Proceeding and it is Legal, not Equitable, in Nature

*Stern* held that the Bankruptcy Code's allocation of jurisdiction to the bankruptcy court to hear fraudulent transfer claims as "core" proceedings violated Article III of the United States Constitution. Thus, the bankruptcy court does not have jurisdiction over the claims asserted against Polak. While some courts have held that the filing of a proof of claim in the bankruptcy court by a defendant allows a debtor or trustee to assert a fraudulent transfer claim as a counterclaim to the proof of claim, that argument has no place here because Polak never filed a proof of claim in the bankruptcy court. Thus, the bankruptcy court has no jurisdiction over this case as a core proceeding.

Moreover, the Complaint asserts legal, not equitable claims, as to which Polak has an absolute right to a jury trial.  As the Supreme Court explained in *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 56 (1989):

> There can be little doubt that fraudulent conveyance actions by bankruptcy trustees – suits, which we said in *Stendahl v. Irving Trust Co.,* 287 U.S. 92, 94-95 (1932) 'constitute no part of the proceedings in bankruptcy but concern controversies arising out of it' – are <u>quintessentially suits at common law that more nearly resemble state law contract claims by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy.</u> [Emphasis added.]

While a bankruptcy court has jurisdiction to determine claims that fall within the "public rights" category, *Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Intern. Ltd.,* 905 F. Supp. 2d 526, 530 (S.D.N.Y. 2012), a bankruptcy court cannot exercise jurisdiction over claims involving private rights, like the claims against Polak. *Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011). "'Under both *Stern* and *Granfinanciera,* then, it is axiomatic that a fraudulent conveyance claim against a person who has not submitted a claim against a bankruptcy estate, brought solely to augment the bankruptcy estate, is a matter of 'private right' that cannot be finally determined by the bankruptcy court." *In re Connie's Trading Corp.,* 2014 WL 1813751 (S.D.N.Y. May 8, 2014) (internal citations and quotation marks omitted) (denying motion to withdraw only because adversary proceeding pending in bankruptcy court was nearly two years old and because, unlike here, "[the bankruptcy] court has supervised discovery, has held numerous hearings, and has pending before it cross-motions for summary judgment.").

Because the Complaint asserts "legal" claims, Polak has a right to a jury trial and, because she did not file a proof of claim and has not consented to this Court's

jurisdiction, this Court has no jurisdiction over her.  She has demanded a jury trial in an Article III court and she has done nothing that would constitute a waiver of her jury trial right.  *Granfinanciera S.A. v. Nordberg*, 492 U.S. at 36; *Lagenkamp v. Culp*, 498 U.S. 42, 45 (1991); 28 U.S.C. § 157(e); *McHale v. Citibank, N.A.*, 2009 WL 2599749 (S.D.N.Y. Aug. 29, 2009) ("a bankruptcy court cannot provide complete adjudication of a matter that is non-core and in which any party declines to consent to a jury trial by the bankruptcy court."); *In re Arbco Capital Mgmt., LLP*, 479 B.R. 254 (S.D.N.Y. 2012) (considering fact that bankruptcy court could not conduct jury trial in context of motion to withdraw reference); *In re 1567 Broadway Ownership Assoc.*, 1997 WL 582829 (S.D.N.Y. Sept. 19, 2007) (affirming district court jurisdiction because, *inter alia*, "the Adversary Proceeding includes a request for a jury trial, and the Second Circuit has held that 'the Constitution prohibits bankruptcy courts from holding jury trials in non-core matters.'") (quoting *In re Orion,* 4 F.3d at 1101).

The right to a jury trial weighs heavily in favor of immediate withdrawal of the reference.  *M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.*, 2008 WL 2596322 (S.D.N.Y. June 26, 2008) (*citing VWE Group, Inc. v. Amlicke,* 359 B.R. 441, 451 (S.D.N.Y. 2007) ("Under *Orion*, the court's finding that the claim is non-core coupled with defendant's jury demand is sufficient cause to withdraw the reference.")).

**B.**  **Judicial Economy at the Outset of Discovery Favors Immediate Withdrawal of the Reference**

When "a party has demanded a jury trial, courts examine whether withdrawing the reference is efficient, does not encourage forum shopping, and encourages uniform administration of bankruptcy law."  *M. Fabrikant,* 2008 WL 2596322 at *4.  When considering the efficient use of judicial resources, "the determination as to whether the

bankruptcy court could issue a final determination is 'pivotal'." *Dynegy Danskammer*, 905 F. Supp. at 533 (*citing In re Orion Pictures Corp.*, 4 F.3d at 1102).  In *Dynegy Danskammer*, the district court withdrew the reference where, as here, the motion was filed before extensive discovery had taken place and before the bankruptcy court had developed an extensive familiarity with the adversary proceeding in question.

In Polak's case, there has been no discovery whatsoever as she filed her answer simultaneously with this Motion.  Moreover, the bankruptcy court has no familiarity with this adversary proceeding which is readily distinguishable from the other suits the Trustee has filed against former alleged partners.  Unlike the other defendants, Polak terminated her employment by the Debtor almost two years before the bankruptcy filing pursuant to the Separation Agreement which settled her claims of employment discrimination.  That Agreement controls the Trustee's claims against her.  None of the other fraudulent transfer claims in the bankruptcy court has a similar factual scenario. Thus, efficiency of judicial resources is advanced by withdrawing the reference immediately.

Clearly, the Trustee did not consider Polak's case to be among the group of cases pending in the bankruptcy court because he waited several months after he filed the last of the cases in the bankruptcy court to sue Polak.  *See LightSquared Inc. v. Deere & Co.*, 2014 WL 345270, *6 (S.D.N.Y. Jan 31, 2014) (withdrawing reference and noting that "it is unlikely that withdrawal will negatively impact the uniformity of bankruptcy administration").

Finally, there is nothing to suggest that Polak is forum shopping.  On the contrary, it is the Trustee who is inappropriately seeking to force Polak to litigate in a court which lacks jurisdiction over her.

## CONCLUSION

For the reasons set forth herein, the reference should be withdrawn for all purposes.

Dated:  New York, New York
        July 24, 2014

                                **BECKER & POLIAKOFF LLP**

                                By:  */s/ Helen Davis Chaitman*

                                Helen Davis Chaitman
                                45 Broadway
                                New York, New York 10006
                                Telephone: (212) 599-3322
                                Facsimile: (212) 557-0295
                                hchaitman@bplegal.com

                                *Attorneys for Vivian Polak*

## CERTIFICATE OF SERVICE

I, Chelsey Davis, hereby certify that I caused a true and correct copy of the foregoing document(s) to be served upon the parties in this action who receive electronic service through CM/ECF.  I certify under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        July 24, 2014                    */s/ Chelsey Davis*

{N0051884  }                             7